UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DAYVON MALIK DAVIS,

       Plaintiff,

       Case No. 2:24-cv-168

v.

       Honorable Ray Kent

SARAH SCHROEDER,

       Defendant.
_____/

### ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The events about which Plaintiff complains occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues MBP Warden Sarah Schroeder in her official capacity. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he states:

> Sarah Schroeder, as warden[,] deprived me of showers and personal hygiene for multiple periods of 5–7 days at a time in clear violation of my right to be free of cruel and unusual punishment.

(*Id.*, PageID.3 (capitalization corrected).) Plaintiff presents no additional facts in his complaint. Plaintiff seeks injunctive relief and punitive damages. (*Id.*, PageID.4.)

Upon review of Plaintiff's complaint, the Court concludes that the complaint suffers from several defects. First, Plaintiff does not indicate the dates on which the events at issue in the complaint occurred. The Court, therefore, is unable to determine whether Plaintiff's complaint is timely. Second, Plaintiff sues Defendant Schroeder in her official capacity only, and official capacity defendants are absolutely immune from monetary damages. *See Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Finally, Plaintiff's complaint contains insufficient facts to show any personal involvement by Defendant Schroeder in the alleged conduct. *See, e.g.*, *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008) (discussing that a claimed constitutional violation must be based upon active unconstitutional behavior); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

Nevertheless, the Court will grant *pro se* Plaintiff leave to file an amended complaint to correct the noted deficiencies. *See, e.g.*, *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4–5 (6th Cir. Apr. 1, 2024) (suggesting that *pro se* plaintiffs should be permitted leave to amend in the interest of justice given the "highly technical nature of pleading official and personal capacity claims"). The Court directs the Clerk to send Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended complaint by filing his amended complaint on the requisite form within twenty-one (21) days from the date of entry of this Order.

The amended complaint will take the place of the original complaint, so it must include all Defendant(s) that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff must allege, in chronological order, what each Defendant did or did not do on each date. Additionally, the case number shown above must appear on the front page of the amended complaint.

If Plaintiff fails to submit an amended complaint that complies with this Order, the Court may dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated:   October 16, 2024                    /s/ Ray Kent
                                             Ray Kent
                                             United States Magistrate Judge